Elsie Ordway et als.<br>
vs.<br>
Regina Lochner, Ex'x . } P. A. No. 1202.

April 21, 1931.

O'Connell, J. This is an appeal from a decree of the Probate Court of the City of Pawtucket, entered on the 21st day of May, A. D. 1930, admitting to probate a certain written instrument alleged to be the last will and testamen of Henry J. Lochner, late of said City of Pawtucket, deceased. The reasons assigned in said appeal are as follows:

1. That said instrument was not the last will and testament of the said Henry J. Lochner.

2. That said alleged will was not legally executed.

3. That said Henry J. Lochner was not of sound and disposing mind and memory and did not have testamentary capacity at the time of the execution of the said alleged will.

4. That said Henry J. Lochner was induced to sign said alleged will through and by reason of undue influence.

5. That said order and decree is erroneous, contrary to law and should be reversed.

The case was heard before a Justice of the Superior Court and a jury, on March 17, 18, 19 and 20, 1931, resulting in a verdict for the appellants, and a finding that the written instrument in question was not the last will and testament of the said Henry J. Lochner.

Thereupon and within seven days after said verdict the appellee filed her motion for a new trial, based upon the following grounds:

1. The verdict is against the law.

2. The verdict is against the evidence and is clearly against the weight of the evidence.

3. The verdict is both against the law and the evidence and the weight thereof.

4. The verdict is based upon the sympathy of the jury for the appellants and the prejudice of the jury against the appellee rather than upon the evidence presented at the trial.

The evidence shows that the appellee married the deceased on February 11, 1928, in Pawtucket, that the will was executed on September 18, 1929, and that the testator died on April 26, 1930. The appellee was the second wife of the testator and the appellants are the grown children of the deceased.

So far as compliance with the statutory requirements as to execution is concerned, the appellants made no serious contention at the trial and the only questions pertinent to a decision upon the motion for a new trial are the testamentary capacity of the testator and undue influence.

Upon the former issue, the burden of proof is upon the appellee, but the Court is of the opinion that the appellee has amply sustained this burden by the great weight of the evidence, including the testimony of two reputable attorneys who acted as subscribing witnesses to the will, and two practicing physicians, one of whom attended the deceased from February, 1929, until his death in April, 1930, with the exception of three months when he was in the hospital. His care included the period before and after the will was executed, while the other physician attended the deceased in June and July, 1929. All four witnesses testified as to the sound mental condition of the testator, covering in their testimony the period closely preceding the execution of the will, the very moment of its execution and the period closely subsequent thereto.

Upon the issue of undue influence the burden of proof is upon the parties who assert it, in this case upon the appellants.

> *Caldarone* vs. *Caldarone*, 48 R. I. 163;
>
> *Hollingworth et al.* vs. *Kresge*, 48 R. I. 341.

The Court after hearing all the testimony is strongly of the opinion that the appellants have not sustained the burden cast upon them by the law. Some evidence was produced showing a possible motive to influence, an opportunity to do so, and a suspicion that such influence was exerted, but the Court finds nowhere in the testimony any evidence, direct or indirect, that such influence was exerted, sufficient to satisfy the legal requirements as to a fair preponderance of the evidence. It is well settled in the law that evidence of opportunity to exercise undue influence, unaccompanied by evidence, direct or indirect, that such influence was exerted, does not warrant a finding that the instrument was the result of undue influence.

> *De Benedetto* vs. *Capone et al.*, 148 Atl. Rep. 184.

Nor does mere suspicion of the exercise of undue influence warrant such a finding.

In February, 1929, the deceased was taken ill with pneumonia, which about March 10, 1929, caused or developed into tuberculosis, which was the primary cause of death in April of the following year. During the entire period of his illness the wife nursed him and cared for him constantly,

182

washing him, bathing him, shaving him, changing his frequently soiled clothing and bed linen and apparently did everything in her power to make him as comfortable and happy as possible. The younger daughter lived with her father and step-mother until the former's death, but she testified that she never kissed her father during that period and she had little of the responsibilities of his care. The other daughter and the son visited him but at irregular intervals. Under these circumstances it was very natural that the deceased should desire to provide for the wife even to the extent of giving her all his property, which was not of large value and which, if she were a total stranger, would hardly more than adequately repay her for the kind of care and attention which she gave him, as disclosed by the evidence.

Acts of kindness, friendly companionship and ministration may influence human action, but in the absence of fraud, such influence is not improper and unlawful, warranting the setting aside of a will.

> Campbell et al. vs. Rhode Island Hospital Trust Co., 125 Atl. Rep. 220.

And especially would this principle apply when the person bestowing such care and kindness was the wife of the deceased.

After careful consideration of all the evidence, the Court feels that the verdict setting aside the will was based largely upon sympathy for the children as against the step-mother, perhaps because of the fact that the testimony tended to prove that their own mother had helped their father to acquire the property. But he had a right under the law to dispose of his property as he saw fit, provided he was of sane mind and not the subject of undue influence. To set aside his will in this case would be in effect to make a new will for the deceased, to dispose of his property as the jury thought right,

just, wise and proper, rather than according to the testator's expressly declared wish. The Court can not lend its sanction to such a result in this case and believing that the verdict of the jury was absolutely unwarranted upon the evidence presented, that the testamentary capacity of the deceased was established and that no undue influence was proven by a fair preponderance of the evidence, either directly or inferentially, the appellee's motion for a new trial is granted.

For appellant: T. P. Corcoran & C. E. Mangan.

For appellees: Woolley & Blais.

